MARK J. REICHEL, State Bar #155034
REICHEL & PLESSER L.L.P.
455 CAPITOL MALL, 8th FLOOR, Suite 802
Sacramento, California  95814
Telephone: (916) 498-9258
FAX:      (888) 567-2949

mark@reichellaw.com
www.reichelplesser.com

Attorney for Defendant
SATISH KARTAN

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 16-MJ-187 KJN |
| Plaintiff, | **BRIEF IN SUPPORT OF RELEASE ON BAIL** |
| v. | |
| | Date: October 21, 2016 |
| | Time: 2:00 p.m. |
| | Judge: KENDAL J. NEWMAN |
| SATISH KARTAN | |
| Defendant. | |

RELEASE ON CONDITIONS

Charges And The Bail Reform Act

Fraud and Forced Labor charges do not "trigger" the detention provisions under the governing law: the Bail Reform Act. The Bail Reform Act does not allow for detention in such cases.

Mot Release On Terms

Background of the Bail Reform Act.

The Bail Reform Act favors release in all but a few cases. The Act provides that:

Upon the appearance before a judicial officer of a person charged with an offense, the judicial officer shall issue an order that, pending trial, the person be

   (1) released on personal recognizance or upon execution of an unsecured appearance bond . . . ;

   (2) released on a condition or combination of conditions . . . ;

   (3) temporarily detained [for certain reasons]; or

   (4) detained [if conditions set forth in subdivision (e) are met]. 18 U.S.C. § 3142(a).

Conditions of release range from release on personal recognizance or unsecured bond, subd. (b), to "the least restrictive further condition, or combination of conditions, that [the] judicial officer determines will reasonably assure the appearance of the person as required," subd. ©. (Emphasis added). A long list of useful conditions is provided in the statute in order to facilitate release rather than detention. See subd. (c)(1)(B).

The United States always bears the burden of proof that no condition or combination of conditions will "reasonably" ensure the defendant's appearance at all further court appearances, but this applies only in true "detention" cases." ***In this case a detention motion by the government would not be appropriate under the Act.*** There, the Act states

that the government may only move for detention in cases other than crimes of violence and narcotics trafficking cases in situations that involve a "serous risk that the person will flee." Id at (f)(2). That is obviously wholly missing in this case.

Relevant factors for release. In determining whether conditions may be set "that will reasonably assure the appearance of the person as required," the following factors are relevant:

(1) The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person, including –

(A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at Court proceedings; and

(B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's

1  release.
2  18 USC 3161 subd.(g).
3     Mr. Kartan passes all categories exemplary.
4     The facts in the complaint do not cause a finding of "serious risk of flight" in any fashion. Indeed, Statistics from the U.S. Department of Justice show that more than half of all defendants charged with a violent crime and almost three-quarters of those charged with fraud crimes are released on bail pending trial. Accordingly, although many criminal defendants are detained, most are released pretrial, "including 51% for violent offenses, 57% for property offenses, and 73% for fraud." *United States v. Madoff*, 586 F. Supp. 2d 240, 248 n.8  This is so because "only a limited group of offenders…should be denied bail pending trial." *United States v. Shakur*, 817 F.2d 189, 195 (2d Cir. 1985).

     Indeed, the federal courts, over the government's objections, admitted extremely high profile and scandalous fraud defendants Bernie Madoff and Marc Dreier to pretrial release prior to trial, and in Drier's case,  post guilty plea. *United States v. Madoff*, 586 F. Supp. 2d 240 (S.D.N.Y. 2009); *United States v. Dreier*, 596 F. Supp. 2d 831 (S.D.N.Y. 2009). Madoff admitted with his guilty plea that he had run an enormous Ponzi scheme that destroyed assets of approximately $50 billion dollars in value. The court ultimately sentenced Madoff to the maximum term of 150 years. Marc Dreiser was accused of selling approximately $380 million in fraudulent securities. The court sentenced him to twenty years in prison.

1 | There are combination of conditions which will provide
2 | the Court reasonable assurance that defendant will attend to
3 | all court appearances and of the safety to the community.
4 | DATED: October 21, 2016
5 | *Mark J. Reichel*
6 | MARK J. REICHEL