UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SHARMISTHA BARAI,<br><br>Defendant. | No. 2:16-cr-00217-MCE<br><br><br><br>**ORDER** |

Presently before the Court is the parties' Stipulation and Proposed Order for Temporary Release. ECF No. 310. The Court is concerned that, despite changed circumstances, namely that Defendant Barai has been admitted to the Sutter Medical Center, no concrete release plan has yet been articulated for her. It will not release her to an unnamed facility without a medical recommendation, it does not want her supervised in another district, and it will require location monitoring as a condition of any release.

The Court had previously been advised that Defendant would be released today. It has since been informed that the hospital is planning to keep her until her blood sugar is stabilized, which could be as soon as tomorrow. Given that no release order is in place, Defendant will then be returned to the Sacramento County Main Jail. That said, the Court is prepared to sentence Defendant individually at a specially set in-person

hearing once she is released.  The USMS is also ready to work with Bureau of Prisons to expedite her transfer to an appropriate BOP facility where she can receive the requisite care.  Should she need additional medical care prior to her transfer, the USMS is equipped to transport her to a local emergency room as it has done this week.  Defendant Kartan can be sentenced at a later date.

It is unfortunate that both Defendants could have been sentenced months ago, but instead they have consistently declined to stipulate to appear by videoconference despite the fact that the COVID-19 pandemic forced the closure of the nation's courthouses.  Innumerable other Defendants have uniformly been sentenced remotely under the Court's General Orders and the provisions of the CARES Act.  Defendants' delay in this case, on the other hand, has served to prolong Defendant Barai's detention in local custody when she could already have been moved to a federal prison with the resources available to address any potential long-term needs.  Regardless, based on all of the foregoing, for now the parties' Stipulation is DENIED without prejudice.

IT IS SO ORDERED.

Dated:  September 29, 2020

_____
MORRISON C. ENGLAND, JR
SENIOR UNITED STATES DISTRICT JUDGE