1

2

3

4

5

6

7

8

9          UNITED STATES DISTRICT COURT

10          EASTERN DISTRICT OF CALIFORNIA

11

12   UNITED STATES OF AMERICA,              No. 2:16-cr-00217-MCE

13                  Plaintiff,

14          v.                              **ORDER**

15   SATISH KARTAN,

16                  Defendant.

17

18          On March 14, 2010, Defendant Satish Kartan was found guilty after a jury trial

19   of: (1) one count of Conspiracy to Commit Forced Labor in violation of 18 U.S.C.

20   § 1594(b); (2) two counts of Forced Labor in violation of 18 U.S.C. § 1589(a); and (3)

21   one count of Fraud in Foreign Labor Contracting in violation of 18 U.S.C. § 1351(a).  On

22   October 22, 2020, he was sentenced to a term of imprisonment of one hundred and

23   eighty-eight (188) months.  The Court ordered Defendant to self-surrender on January 7,

24   2021.  Defendant thereafter filed a Motion to Continue Surrender Date in Light of

25   COVID-19 Pandemic, ECF No. 360, which this Court denied, ECF No. 362.

26   Subsequently, on December 23, 2020, Defendant filed a Request for Bail Pending

27   Appeal.  ECF No. 368.  That Request was denied via minute order on December 28,

28   2020.  On the eve of his surrender date, Defendant filed a Motion for Bail Pending

1  Appeal with the Ninth Circuit Court of Appeals.  Case No. 20-10347, ECF No. 11.  The

2  matter is back before this Court on remand from the Circuit so this Court may "state,

3  orally or in writing, the reasons for its order denying appellant's motion for bail pending

4  appeal."  Id., ECF No. 13.

5         Defendant shall be ordered detained pending appeal unless the Court finds:

6               (A) by clear and convincing evidence that the person is not
                 likely to flee or pose a danger to the safety of any other
7               person  or  the  community  if  released  under section
                 3142(b) or (c) of this title; and
8

9               (B) that the appeal is not for the purpose of delay and raises
                 a substantial question of law or fact likely to result in--

10                     (i) reversal,

11                     (ii) an order for a new trial,

12                     (iii) a  sentence  that  does  not  include  a  term  of
                        imprisonment, or
13

14                     (iv) a reduced sentence to a term of imprisonment less
                        than  the  total  of  the  time  already  served  plus  the
                        expected duration of the appeal process.
15

16  18 U.S.C. § 3143(b).  "[Defendant] bears the burden of showing that [he] is not a flight

17  risk or a danger to any other person or to the community."  United States v. Wheeler,

18  795 F.2d 839, 840 (9th Cir. 1986).  "A 'substantial question' is one that is fairly debatable

19  or fairly doubtful."  Id. (citing United States v. Handy, 761 F.2d 1279, 1283 (9th Cir.

20  1985)).  The Court concludes that release would be inappropriate because Defendant is

21  a flight risk and because he has failed to raise on appeal a substantial question of law or

22  fact that would warrant reversal, an order for new trial, or any materially reduced

23  sentence.

24  ///

25  ///

26  ///

27  ///

28  ///

1    ///

2          First, Defendant has now officially been sentenced to a lengthy prison term of one

3    hundred and eighty-eight (188) months.  His wife has already been transferred to the

4    custody of the Bureau of Prisons, leaving Defendant alone to care for their small children

5    in the face of the reality that neither he nor his wife will be with them much longer.  Given

6    his lack of ties to the area, the amount of time he's been ordered to serve, his wife's

7    concurrent incarceration, and the unlikely chance that he will overturn all of his

8    convictions, this Court concludes that Defendant is a flight risk.[1]

9          Second, Defendant has raised no substantial questions likely to result in reversal,

10   new trial, etc.  This was not a close case.  To the contrary, the evidence against

11   Defendant was overwhelming.  Multiple victims testified about the conditions they

12   endured in Defendant's employ.  The jury found them credible as did this Court.

13         Moreover, when Defendant himself took the stand, he gave clearly rehearsed

14   answers to questions on direct and then repeatedly refused to appropriately answer

15   questions posed to him on cross.  The Court appropriately sustained hearsay objections

16   and repeatedly directed Defendant to answer only the questions posed, but Defendant

17   would not answer those questions and instead kept trying to offer his own narrative

18   explanations.  Given his evasiveness and nervous demeanor in Court, which is not

19   reflected in the transcript, this Court found Defendant's credibility to be entirely lacking.

20   This Court did not interfere with or stop Defendant from testifying.  Defendant simply

21   could not answer questions without trying to offer additional facts or explanation that fell

22   outside the scope of the Government's inquiries.  The only person that got in

23   Defendant's way of testifying on his own behalf was Defendant, who was, based on this

24   Court's observations, clearly dancing around the truth.

25   _____

26   [1] In reaching this conclusion, the Court also considered that, with no credible explanation,
     Defendant previously traveled hundreds of miles toward the southern border eventually leaving this

27   district, which was enough to convince the Court that it should revoke bail as to his non-citizen wife.
     Although at the time the Court did not consider that travel alone sufficient to justify revoking bail as to

28   Defendant, who is a United States citizen, it nonetheless still concerns the Court when it comes to
     Defendant's current potential and willingness to flee.

1    This Court has had the opportunity to observe many witnesses lie on the stand,

2    but it had never before seen a witness who was so anxious to paint his own picture that

3    he could not get out of his own way.  In fact, Defendant gave quite possibly the worst

4    performance this Court has seen from a witness since it took the bench in the 1990s,

5    resulting in the application of an obstruction of justice enhancement at sentencing.

6    Perhaps it should not have been surprising, then, that Defendant himself sought to put

7    an end to his own examination and strike the entirety of his testimony.  The fact that this

8    was unusual, however, does not mean it raises a substantial question for appeal based

9    on the Court's conduct.  To the contrary, Defendant himself requested to strike his

10    testimony and Defendant's counsel made clear that he was not raising any objection to

11    the Court's handling of Defendant's testimony, which he admitted was "appropriate."

12    ECF No. 268-7 at 160.

13    Nor has Defendant pointed to any other substantial question of law or fact that

14    would warrant relief on appeal.  Overwhelming evidence supported the jury's verdict,

15    regardless of Defendant's contention that, to paraphrase, he and his wife did not

16    physically restrain the victims or deny them all forms of communication.  As the Court

17    has previously emphasized, restraint of foreign citizens with little knowledge of the

18    language and local customs does not require resort to locks and keys.  Moreover,

19    Defendant's argument regarding use of the telephones runs directly contrary to

20    testimony offered by the victims in this case, testimony the jury clearly believed.

21    In addition, the Government's closing comments were permissible.  It was entirely

22    proper for the Government to ask the jurors to rely on their observations when they had

23    observed extensive testimony from Defendant Barai and from numerous victim

24    witnesses.  Given the specific instructions the jurors had already received with regards to

25    Defendant Kartan's testimony, there is no reason to believe they would have interpreted

26    that statement to undermine the Court's previous explicit directives.

27    Finally, this Court acted well within its discretion when it allowed testimony as

28    excited utterances, and it properly instructed the jury as to the elements of each charge.

4

1  Even assuming either issue was fairly debatable, admitting the victim's statement was

2  harmless in light of the rest of the Government's extensive evidence.  Moreover, the

3  challenged jury instruction went only to the Forced Labor Counts and any error would do

4  nothing to undermine Defendant's remaining convictions.  Accordingly, Defendant has

5  not identified any basis on which bail pending appeal is warranted.  In light of this,

6  allowing Defendant to remain out on bail now would not further the intent of 18 U.S.C. §

7  3143(b).  Instead, continued release would operate only to delay Defendant from serving

8  his inevitable and reasonable term of imprisonment.  Given the foregoing, the Court

9  DENIED Defendant's Motion at ECF No. 368.  The Clerk of the Court is directed to serve

10  a copy of this Order on the Ninth Circuit Court of Appeals.

11          IT IS SO ORDERED.

12

13      Dated:  January 19, 2021

14                                              MORRISON C. ENGLAND, JR.
                                                SENIOR UNITED STATES DISTRICT JUDGE