UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Respondent,<br><br>v.<br><br>SATISH KARTAN,<br><br>Movant. | No. 2:16-cr-0217-DC-SCR-1<br><br><br><br>ORDER |

Movant is a federal prisoner proceeding without counsel with a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Currently pending before the court is respondent's motion for an order finding a waiver of movant's attorney-client privilege. ECF No. 443. Movant has filed a response to the motion indicating that he does not object to "a limited waiver of attorney-client privilege relating to the specific claims of ineffective assistance of counsel that Mr. Kartan raised…." ECF No. 457 at 1. For the reasons discussed below, the court will grant respondent's motion and order discovery limited to the ineffective assistance of counsel claims raised by movant's § 2255 motion.

For good cause shown, the court hereby orders limited discovery of the ineffective assistance of counsel allegations raised in the amended § 2255 motion during the pretrial, trial, sentencing, and appellate phases of his case. See <u>Bracy v. Gramley</u>, 520 U.S. 899, 908-09 (1997); Rules Governing Section 2255 Proceedings for the United States District Courts, Rule

1

6(a). The court finds that movant has impliedly waived his attorney-client privilege with respect to the ineffective assistance of counsel allegations raised in his § 2255 motion. See ECF No. 399; see also Bittaker v.Woodford, 331 F.3d 715, 721-24 (9th Cir. 2003) (en banc). The court will set a brief discovery period to allow respondent to obtain declarations or other information relevant to these ineffective assistance of counsel claims.

Accordingly, IT IS HEREBY ORDERED that:

1. Respondent's motion for an order finding a waiver of movant's attorney-client privilege (ECF No. 443) is granted with respect to movant's prior counsel Mark Reichel and John Markham.

2. The court hereby finds that movant has impliedly waived his attorney-client privilege with respect to his ineffective assistance of counsel claims raised in his § 2255 motion. This waiver encompasses any persons employed by or working with movant's prior attorneys as part of the defense team. Movant's former counsel are hereby permitted to disclose freely to the parties and the court any relevant information responsive to the ineffective assistance of counsel claims raised movant's § 2255 motion including the production of e-mails, notes, records, or other documents.

3. Respondent shall limit its use of any information or documents received to answering the ineffective assistance of counsel claims raised in movant's § 2255 motion. Respondent shall treat the information and documents received as confidential and shall not disseminate them or disclose their contents other than in the course of responding to the pending § 2255 motion.

4. The parties may conduct discovery until **November 21, 2025**. Any motions necessary to compel discovery shall be filed by that date. All requests for discovery pursuant to Fed. R. Civ. P. 31, 33, 34 or 36 shall be served not later than sixty days prior to that date.

5. The parties shall file a status report no later than **October 22, 2025** describing the progress of discovery and a proposed briefing schedule on the merits of movant's § 2255 motion.

////

////

////

To the extent possible, the parties are encouraged to meet and confer in advance of this deadline in order to submit a joint status report.

DATED: August 13, 2025

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE